UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Christopher Cruckshank, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br> v.<br><br>Freedom Mortgage Corporation<br><br>     Defendant. | Civil Action No: 2:16-cv-00011-LDW-AYS<br><br>**[PROPOSED]**<br>**PRELIMINARY APPROVAL ORDER** |

The Court, having considered the Settling Parties' Motion for Preliminary Approval (the "Motion"), hereby grants preliminary approval of the Class Action Settlement Agreement ("Settlement Agreement") between Plaintiffs, Christopher Cruckshank and Jonbu Adebo ("Plaintiffs"), individually, and as representatives of the classes of persons defined below ("Classes"), and Defendant, Freedom Mortgage Corporation ("Freedom").

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes the Court finds:

  A. Class A and Class B are each so numerous that joinder of all the members of each class is impracticable;

  B. There are questions of law and fact common to the proposed Classes;

  C. The individual claims of each Plaintiff is typical of the claims of the Class they seek to represent;

  D. Plaintiffs are both appropriate and adequate representatives of each Class they seek to represent;

1

E. The questions of law and fact common to the Classes predominate over any questions affecting only individual members;

F. A class action is superior to other methods for fairly and efficiently settling the Action;

G. With respect to the appointment of Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), that Plaintiffs' counsel, Ryan Gentile, Esq., will fairly and adequately represent the interests of the Classes;

H. With respect to the proposed Settlement Agreement, after consideration of the Settlement Agreement attached as **Exhibit 1** to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I. and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1. Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

(a) defines the settlement "Classes" as:

(i) Class A consists of (a) all individuals (b) with a New York address (c) who were sent a letter from Freedom in a form materially identical or substantially similar to Exhibit A to Exhibit 1 (d) which was not returned as undeliverable (e) on or after a date one year prior to the filing of this action and on or before August 30, 2016 (f) concerning a mortgage loan that Freedom began servicing while the mortgage loan was in default (g) where the letter in question either (1) only listed the unpaid principal balance of the debt or (2) failed to disclose that Freedom was a debt collector or (3) failed to disclose that the letter was an attempt to collect a

2

    debt or (4) otherwise allegedly violated the FDCPA or the Real Estate Settlement Procedures Act.

 (ii) Class B consists of (a) all individuals (b) with a New Jersey address (c) who were sent a letter from Freedom in a form materially identical or substantially similar to Exhibit B to Exhibit 1 (d) which was not returned as undeliverable (e) on or after a date one year prior to the filing of this action and on or before August 30, 2016 (f) concerning a mortgage loan that Freedom began servicing while the mortgage loan was in default (g) where the letter in question either (1) only listed the unpaid principal balance of the debt or (2) failed to disclose that Freedom was a debt collector or (3) failed to disclose that the letter was an attempt to collect a debt or (4) otherwise allegedly violated the FDCPA or the Real Estate Settlement Procedures Act.

(b) defines the "Class Claims" as those claims arising from Freedom's letters attached as Exhibit A to Exhibit 1 and Exhibit B to Exhibit 1;

(c) appoints Christopher Cruckshank as the Class Representative of Class A;

(d) appoints Jonbu Adebo as the Class Representative of Class B; and

(d) appoints Plaintiffs' counsel, Ryan Gentile, Esq., of the Law Offices of Gus Michael Farinella, PC as Class Counsel for Class A and Class B.

2. The Court approves the Settling Parties' proposed Class Notice and directs that it be mailed to the last known address of the Class Members as shown in Freedom's business records. Freedom, through the Class Administrator, will cause the Class Notice to be mailed to Class Members on or before **April 13, 2017**. Prior to sending the Class Notice, the Class Administrator shall determine who among the Class Members have supplied the U.S. postal Service with a forwarding address, and use any such forwarding address instead of the address found in Freedom's business records. Neither the Class Administrator, Freedom, nor Plaintiffs are required to skip trace any Class Notices that are returned as undeliverable.

3. The Court finds that mailing of the Class Notice is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4. Class Members shall have until **May 28, 2017** to exclude themselves from or object to the proposed settlement. Any Class Member desiring to exclude themselves from the Action must serve copies of the request on the Class Administrator by that date. Any Class Member who wishes to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on the Class Administrator by that date. All objections must be in writing and personally signed by the Settlement Class member and include (1) the objector's name, address, telephone number, and the last four digits of their Social Security Number (2) a sentence stating that to the best of his or her knowledge that they are a member of the Settlement Class (3) the name and number of the case: *Christopher Cruckshank v. Freedom Mortgage Corporation.*, Case No. 2:16-cv-00011-LDW-AYS; (4) the factual basis and legal grounds for the objection to the Agreement (5) the identity of any witnesses whom the objector may call to testify at the Final Fairness Hearing and (6) copies of any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing. The written objection must indicate whether the Settlement Class member and/or their lawyer(s) intend to appear at the Final Fairness Hearing. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. To be effective, the request for exclusion or objection must be postmarked by **May 28, 2017**.

5. In order to receive a portion of the cash payment under the Settlement Agreement, a Class Member must complete and return to the Class Administrator a claim form postmarked no later than **May 28, 2017**. The claim form will be sent with the Class Notice.

6. Within 10 days of the preliminary approval hearing held by this Court, Freedom shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

7. Any Class Member is hereby enjoined from commencing or prosecuting any claim covered or to be covered by the Settlement Agreement and the settlement it contemplates.

8. A final hearing on the fairness and reasonableness of the Settlement Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on **July 10, 2017, at 10:30 a.m.**

IT IS SO ORDERED:

_____

HONORABLE ANNE Y. SHIELDS
United States Magistrate Judge

Dated: